# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER**, | : | CIVIL ACTION NO. 1:13-CV-1296 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| **MR. R. BINGAMAN, CHRISTINE SHULTZ**, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 1st day of July, 2013, upon consideration of plaintiff's recently filed Bivens[1] action (Doc. 1), in which he seeks to proceed in forma pauperis (Doc. 5), and the court finding that the "three strikes"provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding in forma pauperis as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, see Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000), *cert. denied*, 121 S.Ct. 2249 (June 11, 2001), and it being evident that there is no indiction that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger is real and proximate[2], Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate")), and, therefore, his claim fails to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Doc. 5) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[2] Plaintiff alleges that he was the victim of an assault and that, at some unspecified time, the inmate who assaulted him "told [him] that if [he] says anything to administration he would have one of his friends move in the cell with [him] and break [his] jaw." (Doc. 1, at 2-3.) Plaintiff fails to specify the date of the assault. However, based on plaintiff's filings at 1:13-CV-1211, and 1:13-CV-1424, the Court takes judicial notice of the fact that the alleged assault occurred in 2011.
  He alleges that "[o]n the morning of March 12, 2013, while housed in D Unit at U.S.P. Lewisburg, I gave the O.I.C. (officer in charge) a request for p.c. (protective custody) and single cell status. I [sic] lieu of providing me with the requested p.c. Ofc. Shultz, C/O, S.O.S. had me moved to Unit G and placed me in the cell with another inmate." (Doc. 1, at 3.) It appears that in response to plaintiff's concerns, he was moved from D Unit to G Unit and, although plaintiff expresses his displeasure with being double-celled, there is no indication that his present cellmate, or anyone else, poses a threat to him or that he is in imminent danger.

2

3. The Clerk of Court is directed to VACATE the administrative order (Doc. 7) and NOTIFY the warden at the United States Penitentiary at Lewisburg.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge